# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV226-C

| | |
|---|---|
| **WILLIAM E. FERRY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) **MEMORANDUM AND ORDER** |
| **BJ's WHOLESALE CLUB,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Compel Discovery Responses" (document #11) and ". . . Memorandum in Support . . ." (document #12), both filed November 27, 2006. The Plaintiff filed his ". . . Memorandum in Opposition . . ." (document #16) December 14, 2006. The Defendant has not filed a Reply, and the time for doing so has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the "Defendant's Motion to Compel Discovery Responses," as discussed below.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

This is an action alleging wrongful discharge in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 <u>et seq.</u>, and North Carolina public policy. The Defendant employed the Plaintiff for approximately three months as a loss prevention employee – which primarily consisted of checking items in customer's carts as they exited the store. After a

short period of employment, the Plaintiff, who is over 76-years-old, was allegedly terminated for not being watchful at the exit.  However, the Plaintiff believes he was terminated due to his age.

The Defendant served its "First Request for Production of Documents" on the Plaintiff on June 30, 2006.  The Plaintiff responded on August 9, 2006, and, relevant to this discovery dispute, claimed both the attorney-client and work product privileges as to investigator notes which would have otherwise been responsive to the document requests.

On October 13, 2006, the Defendant deposed the Plaintiff and the following exchange occurred in regards to the investigator notes at issue here:

>   Q     My question to you is: Did he share anything with you, beyond what's captured here in No 10, that he spoke about with Miss Kramer?
>
>   A     I read the interview notes
>
>   Q     Did you read those interview notes prior to today's deposition?
>
>   A     Sure
>
>   Q     Did you read those interview notes in order to prepare for today's deposition?
>
>   A     Yes
>
>   Q     And were those notes used to refresh your recollection to prepare for today's deposition?
>
>   A     True
>
>   Q     And did you do that within the last couple of days, review those interview notes?
>
>   A     How about within the last couple of hours
>
>   Q     Within the last couple of hours, you reviewed the interview notes?
>
>   A     9:30 this morning

| | |
|---|---|
| Q | At 9:30 this morning, you reviewed interview notes of Mr – |
| A | All of them |
| Q | – Mr. Palmertree's interview with Kramer; is that correct? |
| A | Yes |
| Q | And you did that to refresh your recollection for today's deposition, correct? |
| A | True |

* * * [attorney discussion]

| | |
|---|---|
| Q | You said you reviewed other notes for the deposition? |
| A | For the deposition |
| Q | I'm now talking about interview notes[.] Did you review any other witness interview notes at 9:30 this morning? |
| A | Mike Campellone |
| Q | Who is Mike Campellone? |
| A | The gentleman who replaced me in loss prevention |

Based on the Plaintiff's admission that he reviewed these investigator notes just prior to his deposition to refresh his recollection for the deposition, the Defendant seeks these notes pursuant to Federal Rule of Evidence 612. As noted above, this Motion has been fully briefed and is, therefore, ripe for determination.

## II. <u>DISCUSSION</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other

party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

This dispute is not over whether a privilege applies – the parties agree that the interview notes are protected by both the attorney-client and work product privileges. Rather, the issue here is whether in spite of the privilege the Defendant is entitled to the notes because the Plaintiff reviewed them just hours before his deposition to refresh his recollection. Federal Rule of Evidence 612 provides:

> . . . if a witness uses a writing to refresh memory for the purpose of testifying, either–
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the

> writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. . . .

Other courts reviewing this issue have applied the following three-part test to determine whether otherwise privileged documents should be produced based upon their use by a deponent to refresh his recollection prior[1] to the deposition: "(1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing." Nutramax Laboratories, Inc. v. Twin Laboratories, Inc., 183 F.R.D. 458, 468 (D. Md. 1998).

Applying these legal principles to the interview notes, there is no dispute that the Plaintiff used the notes to refresh his memory for the purpose of testifying. Thus, the central issue is whether, in the interest of justice, the Defendant is entitled to see the otherwise privileged documents.

The importance of the attorney-client and work product privileges cannot be understated. The attorney-client privilege is intended to encourage those who find themselves in actual or potential legal disputes to be candid with lawyers who advise them, and is one of the oldest recognized privileges for confidential communications. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); and Hunt v. Blackburn, 128 U.S. 464, 470 (1888). Likewise, if work product, such as interview notes, was regularly ordered to be produced to opposing counsel, "much of what is now put down in writing would remain unwritten" and "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial."

---

[1] The Defendant cites an unpublished decision of this Court in support of its argument. However, that case presents the very different issue of a document used during the deposition to refresh the witness' memory on a specific issue. See In re Polyester Staple Antitrust Litigation, 2005 U.S. Dist. LEXIS 40565, *12-*14 (W.D.N.C.) (requiring production of the document used to refresh the deponent's recollection). As is clear from the rule, when a document is used to refresh a deponent's memory prior to the deposition, a balancing test must be applied. Fed. R. Evid. 612(2).

Hickman, 329 U.S. at 510-11.

Simply put, the Defendant has not shown a need sufficient to overcome these well settled, fundamental privileges. This is very different from a situation such as a Rule 30(b)(6) deponent whose only knowledge of a particular issue was derived from a review of a particular document or documents – where the "interest of justice" would more likely favor disclosure. In contrast, in an ADEA action, the Plaintiff's deposition would necessarily involve questions within his personal knowledge – questions about himself or events which he actually witnessed. Nor does the Defendant argue that a central issue is addressed in the interview notes; rather, the Defendant's argument is more procedural and technical – that it is entitled to the documents simply because the Plaintiff reviewed them to refresh his memory for the deposition. Because Rule 612, and the balancing test it has inspired, require more than that, the Defendant's Motion must and will be denied.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion to Compel Discovery Responses" (document #11) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: January 8, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge