**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:06CV226-C**

| | |
|---|---|
| **WILLIAM E. FERRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **BJ's WHOLESALE CLUB,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Compel and Memorandum in Support" (document #18) filed January 14, 2007, and the "Plaintiff's Supplemental Filing in Support . . ." (document #19) filed January 16, 2007. The Defendant filed its ". . . Opposition to Plaintiff's Motion to Compel" (document #20) on January 29, 2007. The Plaintiff has not filed a Reply, and the time for doing so has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant in part and deny in part the "Plaintiff's Motion to Compel . . .," as discussed below.

### I. FACTUAL AND PROCEDURAL HISTORY

This is an action alleging wrongful discharge in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 et seq., and North Carolina public policy. The Defendant employed the Plaintiff for approximately three months as a loss prevention employee –

which primarily consisted of checking items in customer's carts as they exited the store. After a short period of employment, the Plaintiff, who is over 76-years-old, was allegedly terminated for not being watchful at the exit. However, the Plaintiff believes he was terminated due to his age.

Relevant to this discovery dispute, the Plaintiff served his ". . . Second Set of Interrogatories and Requests for Production of Documents to Defendant" on October 13, 2006. The Defendant responded on November 15, 2006, but did not provide documents responsive to 1-5 of the Plaintiff's document requests.[1] These requests are as follows:

1. The personnel file of each person identified by you in your responses to Plaintiff's First Set of Interrogatories as having functioned as a Loss Prevention Team Member.

2. The personnel file of each person whom you contend worked in Merchandise Demonstrations in your Charlotte facility at any time between 6/25/04 and 12/31/04.

3. The personnel file of, and any other documents you have, regarding Michael Campellone, including any documents that refer to him.

4. The personnel files of Steve Heh, William Abel, Ruth Allen, Mr. Allen, Iran Ayala, Donald Gillespie, Willie Keith, Vertrim Suber, Nicole Bryant, Chris Anderson, Jamie Brown, and Rick Sarsfield.

5. For the period of January 1, 2004 to December 31, 2005, all documents pertaining to the scheduling of Merchandise Demonstrations at your Charlotte facility, including but not limited to schedules for the demonstrations, documents showing which individuals performed each demonstration, documents showing the types of merchandise demonstrated, and documents showing payment to the persons demonstrating merchandise.

On November 16, 2006, the Plaintiff conveyed his concerns to the Defendant regarding its responses to these requests for production. The Defendant replied by letter on November 27, 2006. The

---

[1] According to the Plaintiff, there were other requests for which the Defendant provided no documents, but the Plaintiff only seeks to compel documents responsive to requests 1-5.

Plaintiff followed up on this response by letter on January 13, 2007, and filed the subject Motion the next day. As noted above, this Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Keeping these general principles in mind, the Court will examine each of the requests for production separately.

> **1. The personnel file of each person identified by you in your responses to Plaintiff's First Set of Interrogatories as having functioned as a Loss Prevention Team Member.**

The Plaintiff argues he is entitled to these personnel files because he was a Loss Prevention Team Member – which means these employees are comparator employees. Further, the Plaintiff asserts that he only seeks the files of those on the Team during the Plaintiff's employment and up to a year after his employment ended. The Plaintiff believes that these files will show that other younger employees were treated differently than he was.

There is no question that this information is relevant to the Plaintiff's claims, and the time frame and number of employees involved in this request is not unduly burdensome. The Defendant has raised legitimate privacy concerns, which the parties are urged to address in a consent protective order. Subject only to protection of the employees' privacy, however, the Plaintiff's Motion to Compel responses to request number one will be <u>granted</u>.

2. **The personnel file of each person whom you contend worked in Merchandise Demonstrations in your Charlotte facility at any time between 6/25/04 and 12/31/04.**

The Plaintiff seeks these documents because this is the position which he was offered by the Defendant instead of remaining in his position as a Loss Prevention associate. He argues that this request is reasonable as it is limited to the time he worked for the Defendant plus the three months after his employment ended. The Plaintiff has requested the personnel files to "see whether the position of merchandise demonstrator was comparable in terms of pay, hours, and schedule, and whether there were sufficient hours at the time that it was allegedly offered to [the Plaintiff] to make it similar to that of loss prevention."

The Defendant maintains that this information is not relevant to the Plaintiff's claims, and that even if it were it could be obtained through less invasive means, such as payroll records or specific discovery requests. It is clear that this information is relevant to the subject action, but the

4

Plaintiff has not articulated a specific need to attain this information through personnel files. Accordingly, the undersigned will <u>deny</u> the Plaintiff's request for the personnel files of the subject employees, but <u>grant</u> the request to the extent it seeks information discoverable through other documents. Specifically, the Defendant is ordered to produce documents, excluding personnel files, responsive to the request for wages, hours, and schedules which were available to the Merchandise Demonstrations' employees between June 25, 2004 and December 31, 2004.

    **3.    The personnel file of, and any other documents you have, regarding Michael Campellone, including any documents that refer to him.**

The Plaintiff seeks these documents because Michael Campellone has been identified by the Defendant as his successor.[2] The Defendant argues first that it is overly burdensome to ask them to search for any document which mentions Mr. Campellone, and second that his personnel file is not relevant merely because he replaced the Plaintiff.

First, it is entirely reasonable to seek the personnel file of the employee who actually replaced the Plaintiff. This is clearly relevant to the Plaintiff's claims. Although a personnel file is confidential, as regarding request number one, privacy concerns can be and are routinely addressed through a protective order.

On the other hand, the Plaintiff has not shown that it is reasonable to require the Defendant to search for "any document" referring to Mr. Campellone. Accordingly, the undersigned will <u>grant</u> the Plaintiff's Motion to Compel a response to request for Mr. Campellone's personnel file, but will <u>deny</u> his request for any document referring to Mr. Campellone, albeit without prejudice to the Plaintiff's right to fashion a more narrowly tailored request for additional documents relating to Mr.

---

[2] However, the Plaintiff notes that at least one of the Defendant's managers has denied that Michael Campellone worked in Loss Prevention.

Campellone in the future.

    **4.**    **The personnel files of Steve Heh, William Abel, Ruth Allen, Mr. Allen, Iran Ayala, Donald Gillespie, Willie Keith, Vertrim Suber, Nicole Bryant, Chris Anderson, Jamie Brown, and Rick Sarsfield.**

The people listed in this request worked as Loss Prevention associates at some point in time; thus the Plaintiff makes the same arguments as those asserted for request one. Namely, he argues that these are comparator employees and that he has limited his request to the time in which he worked for the Defendant and a year after his employment ended. As stated above, the Plaintiff believes these files will show that younger employees were treated more favorably than he was.

For the reasons discussed above, the Plaintiff's request for the personnel files of the other Loss Prevention associates within the requested time frame will be <u>granted</u>. However, as the Defendant notes, several of the files requested here are actually those of store <u>managers</u>, not of Loss Prevention associates. Accordingly, to the extent personnel files of store managers are requested, the Plaintiff's Motion to Compel will be <u>denied</u>.

    **5.**    **For the period of January 1, 2004 to December 31, 2005, all documents pertaining to the scheduling of Merchandise Demonstrations at your Charlotte facility, including but not limited to schedules for the demonstrations, documents showing which individuals performed each demonstration, documents showing the types of merchandise demonstrated, and documents showing payment to the persons demonstrating merchandise.**

The Plaintiff argues that he is entitled to these documents, covering the time period he was employed by the Defendant and the year after his employment ended, because he was offered this position instead of remaining in his Loss Prevention position. The Plaintiff intends to use these documents to compare the schedule, pay, and hours to that of his position as a Loss Prevention associate.

The Defendant continues to argue that any information pertaining to the merchandise demonstration position is irrelevant, but as to this request also argues that only its home office would have this information, that is the Charlotte BJ's Wholesale Club would not retain such information. The latter argument is unpersuasive in that the Defendant offers no reason why it could not obtain the requested information from its home office. Accordingly, the Plaintiff's Motion to Compel responses to request number five will also be <u>granted</u>.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Plaintiff's Motion to Compel . . ." (document #18) is **GRANTED IN PART** and **DENIED IN PART**, as discussed above. The Defendant shall produce the documents discussed above within thirty (30) days of the date of this Order, and the parties may, within that time frame, file a Consent Protective Order for the Court's approval.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: February 14, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge