IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 06-226

| | | |
|---|---|---|
| WILLIAM E. FERRY | ) | |
|     Plaintiff, | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER OF THE PARTIES** |
|     v. | ) | |
| BJ's WHOLESALE CLUB | ) | |
|     Defendant. | ) | |

This matter is before the Court pursuant to its February 14, 2007 Discovery Order and the agreement of Plaintiff William E. Ferry ("Plaintiff") and Defendant BJ's Wholesale Club ("Defendant") for entry of a Consent Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure. This Consent Protective Order is entered to protect the parties' legitimate concerns of privacy, confidentiality, and preservation of personal, business, financial, and proprietary information with respect to documents to be produced in response to Plaintiff's Second Requests for Production of Documents to Defendant ("Document Request").

For good cause shown, it is therefore ORDERED, ADJUDGED and DECREED as follows:

    1.    <u>Definitions</u>: For purposes of this Order, the following definitions shall apply:

        a.    "<u>Discovery Items</u>": All materials and information of the nature requested as follows and to be produced by Defendant pursuant to the Court's February 14, 2007 Discovery Order:

            i)    Document Request No. 1;

            ii)    Document Request No. 2, which includes documents regarding the wages, hours, and schedules that were available to the Merchandise Demonstrations employees

between June 25, 2004 and December 31, 2004, but which excludes those employees' personnel files;

    iii) Document Request No. 3, which includes Michael Campellone's personnel file, but excludes any other documents referring to Mr. Campellone;

    iv) Document Request No. 4, which includes the personnel files of Steve Heh, William Abel, Ruth Allen, Iran Ayala, Donald Gillespie, Willie Keith, and Vertrim Suber, but excludes the personnel files of Nicole Bryant, Chris Anderson, Jamie Brown, and Rick Sarsfield; and

    v) Document Request No. 5.

  b. <u>Confidential Material</u>: Discovery Items of the nature of that identified in Paragraph 1.a. herein, or parts thereof, which Defendant has designated as "CONFIDENTIAL" pursuant to paragraph 3 of this Order.

  c. <u>Authorized Counsel</u>: Only those counsel who have entered an appearance in this action, either as trial attorney or of counsel, for Plaintiff or Defendant, and members and staff of their respective firms. As of the date of this Order, authorized counsel for Plaintiff is Julie H. Fosbinder, Fosbinder & Van Kampen, PLLC, 1515 Mockingbird Lane, Suite 218, Charlotte, North Carolina, 28209. Authorized counsel for Defendant is Richard S. McAtee, Jackson Lewis LLP, 1400 Crescent Green, Suite 320, Cary, North Carolina, 27518.

 2. <u>Use Solely for Litigation</u>: All Discovery Items of the nature of that identified in Paragraph 1.a. herein shall be used only in connection with the prosecution or defense of this action and for no other purpose, and shall not be disclosed in any way beyond this litigation.

 3. <u>Confidential Material</u>: For those Discovery Items that Defendant believes contain private or confidential personal or salary information, or confidential or proprietary business

information, Defendant may designate such items, or part thereof, as "CONFIDENTIAL," in which event use and disclosure of the Discovery Items, or part thereof, so designated shall be subject to the following provisions of this Order.

4. <u>Means of Designation of Discovery Items as Confidential</u>: Designation of Discovery Items, or parts thereof, as "CONFIDENTIAL" shall be done by the producing party as follows:

a. <u>Documents</u>: In the case of documents, Defendant shall stamp or label such item as "CONFIDENTIAL." Where such a stamp is placed on the first page of a multiple-page document, the designation shall apply to the entire document.

5. <u>Disclosure of Confidential Material to Counsel</u>: Discovery Items designated as "CONFIDENTIAL" shall be inspected, copied, and used only by authorized counsel for the parties. Counsel shall not directly or indirectly disclose any confidential material to any person other than authorized counsel, their client, or an expert, for use only in connection with this litigation, unless otherwise ordered by the Court or unless the producing party consents to its disclosure. Each designated person and such other person to whom disclosure is to be made by order of the Court or by consent of the producing party shall, in a written instrument delivered to counsel for the producing party prior to the time of the disclosure, acknowledge that he has read and is fully familiar with the terms of this Order and agrees to comply with and be bound by this Order. Any such person to whom a confidential Discovery Item is disclosed shall not directly or indirectly disclose such item, or the contents or substance thereof, to any other person.

The parties hereto recognize that any party may request that other persons affiliated with the requesting party may hereafter be designated as "Designated Persons" to review some or all confidential materials notwithstanding the designations above. If such request is not agreed to

by all parties to this litigation, the requesting party may present the dispute to the Court to seek an Order allowing the contemplated disclosure.

6. <u>Filing of Confidential Material</u>: Prior to the filing or submission in evidence in this action of any confidential Discovery Items, counsel shall redact personal privacy information, such as social security numbers, personal credit or personal financial information.

7. <u>Disposition of Confidential Material Upon Termination of Action</u>: All copies of confidential material obtained from Defendant shall be retained by Plaintiff, subject to return to Defendant upon the final termination of this action.

Upon final termination of this action, including all appeals, counsel for each party shall, upon request, assemble and return to the respective producing parties all confidential material produced under the provisions of this Order and shall destroy all copies of confidential material in their possession.

Either party may seek modification of this Order by stipulation with the opposing party and/or upon such terms and conditions as approved by the Court.

SO ORDERED:

Signed: March 13, 2007

_____
Carl Horn, III
United States Magistrate Judge

AGREED AND APPROVED:

**/s Julie H. Fosbinder /s Richard S. McAtee**

| | |
|---|---|
| Julie H. Fosbinder, Bar Number 19400 | Richard S. McAtee, Bar Number 34471 |
| Attorney for Plaintiff | Attorney for Defendant |
| FOSBINDER & VAN KAMPEN, PLLC | JACKSON LEWIS LLP |
| 1515 Mockingbird Lane, Suite 218 | 1400 Crescent Green, Suite 320 |
| Charlotte, North Carolina 28209 | Cary, North Carolina 27518 |
| Telephone: (704) 522-7500 | Telephone: (919) 854-0044 |
| Email: jhanfos@carolina.rr.com | Fax: (919) 854-0908 |
| | E-mail: mcateer@jacksonlewis.com |